IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ISAMEL F. ARNAIZ,

    Petitioner,

vs.

    CIVIL ACTION NO.: CV207-012

WARDEN, Federal Satellite Low,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Isamel Arnaiz ("Arnaiz"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Arnaiz has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Arnaiz was convicted in the Southern District of Florida after pleading guilty to conspiracy to commit money laundering and mail fraud, in violation of 18 U.S.C. §§ 1956(h) and 1341. Arnaiz failed to appear for sentencing, and he was indicted on charges of criminal contempt and failure to appear; he pleaded guilty to these charges as well. Arnaiz was sentenced to 144 months' imprisonment and three (3) years' supervised release and ordered to pay $24,144,268.00 in restitution. Arnaiz filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. United States v. Arnaiz, 144 Fed. Appx. 27 (Table) (11th Cir. 2005).

Arnaiz filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the District Court for the Southern District of Florida, and this motion currently is pending.[1] In that motion, Arnaiz raised the following issues: 1) the court lacked jurisdiction to sentence him to a term of imprisonment exceeding the statutory maximum, and his counsel was ineffective for failing to raise this issue; 2) his plea was not knowing and voluntary; 3) ineffective assistance of trial counsel; 4) ineffective assistance of counsel at sentencing, in relevant part, for failing to argue that the imposition of restitution violated the ex post facto clause; 5) ineffective assistance of appellate counsel for failing to raise on appeal the claims set forth in his § 2255 motion and for failing to make a United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), claim; and 6) ineffective assistance of counsel at all stages of the proceedings for failing to challenge the lawfulness of his sentence.

In the instant petition, Arnaiz challenges the restitution order imposed by the trial court. Arnaiz asserts his counsel was ineffective because he did not challenge the Government's breach of the plea agreement, which, according to Arnaiz, resulted in him being indicted contrary to the terms of his plea agreement. Arnaiz also asserts that, because of this ineffective assistance of counsel, the trial court's imposition of the restitution amount violated his plea agreement. Arnaiz further asserts his counsel was ineffective because he did not properly challenge the restitution order either at sentencing or on direct appeal.

---

[1] Arnaiz filed a Supplemental Motion to Amend this action on March 22, 2007, and he also filed a brief in support of this Motion on April 9, 2007. (S.D. Fla. Case Number 1:06-cv-21111, Doc. Nos. 28, 30.)

Respondent avers that Arnaiz's petition fails and should be dismissed. Respondent contends that Arnaiz has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Arnaiz has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

inadequate or ineffective to challenge the legality of his detention because he cannot challenge the restitution order imposed in a section 2255 proceeding. According to Arnaiz, circuit law forecloses his claims under § 2255.

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Arnaiz avers he was precluded from raising any contentions relating to his restitution order pursuant to Dohrmann v. United States, 442 F.3d 1279 (11th Cir. 2006). Arnaiz states he has withdrawn from his pending § 2255 motion any claims dealing with the restitution order, and, accordingly, he has not raised identical claims in this petition as are pending in his § 2255 motion.

In Dohrmann, the Eleventh Circuit Court of Appeals stated that "§ 2255 may not be utilized by a person in federal custody to attack *only* the restitution portion of his sentence because § 2255 affords relief only to those claiming the right to be released from custody." Id. at 1280 (emphasis added). That court also noted that, if a restitution order is not contested at sentencing or on direct appeal, the order cannot be challenged for the first time in "a collateral proceeding, absent exceptionally circumstances." Id. at 1281. Arnaiz is not precluded from bringing his challenges to the restitution order in his pending section 2255 proceeding. He is simply precluded by Dohrmann from bringing any challenges to a restitution order imposed by a district court as his *only* claim in a section 2255 proceeding. Thus, circuit law does not preclude Arnaiz from bringing his challenges to the Southern District of Florida court's restitution order in addition to the other claims he has pending in that court. Moreover, Arnaiz has failed to show he was convicted of a nonexistent offense based on a Supreme Court decision. Finally, Arnaiz has not established that circuit law foreclosed his claims on earlier occasions. In fact, Arnaiz has made, unsuccessfully, the same claim on direct appeal; he admits to this in his response to the Government's Motion to Dismiss. (Doc. No. 8, p. 3.) Quite simply, Arnaiz has failed to show that section 2255's remedy is inadequate or ineffective.

AO 72A
(Rev. 8/82)

Arnaiz has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Arnaiz cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Arnaiz is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**, and Arnaiz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of April, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE